IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Miracle of Life, L.L.C.; Brooke Faville; Dr. Leonard Coldwell; and Dr. Thomas Hohn, | ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No.: 2:04-0307-23 |
| v. | ) ) ) | |
| North American Van Lines, Inc.; Atlantic Transfer & Storage Co.; and Stevens International Forwarders, | ) ) ) ) | **ORDER** |
| Defendants. | ) ) ) | |

This matter is before the court upon Plaintiff Miracle of Life's Rule 59(e) motion to reconsider this court's Order granting both Defendant Atlantic Transfer & Storage Company's ("ATS") motion for summary judgment and Defendant North American Van Lines, Inc.'s ("NAVL") motion for summary judgment.

Pursuant to Rule 59(e), "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgement." Fed. R. Civ. P. 59(e). "In computing any period of time prescribed or allowed by these rules, . . . the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday." Fed. R. Civ. P. 6(a). Moreover, "[w]hen the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." Fed. R. Civ. P. 6(a).

Here, the court entered judgment on its Order granting summary judgment on Friday, January 6, 2006. Thus, Rule 59(e) required Plaintiff to file any motion to reconsider "no later than"

Monday, January 23, 2006.[1] However, Plaintiff did not file the motion to reconsider until Tuesday, January 24, 2006. Plaintiffs assert in their Reply, however, that Defendants are being "hyper-technical" in urging the court to disregard the filing. Plaintiffs state that due to technical difficulties converting the WordPerfect document to a PDF, they did not make the filing until 1:00 a.m.

Defendant ATS, in its response in opposition to Plaintiff's motion, acknowledges that Plaintiffs will argue that its position on the timeliness issue is hyper-technical. However, Defendant ATS states that Plaintiff's argument fails for two reasons:

> First, nothing in the Federal Rules of Civil Procedure (or the local District Court Rules) provides that the *extent* of tardiness is to be taken into consideration. . . .
>
> Furthermore, the rules indicate a policy of strictly enforcing the deadlines for post-trial and post-judgment motions. Although Rule 6(b), Fed. R. Civ. P., gives the district court discretion in extending deadlines in most circumstances, it excludes such discretion from post-trial and post-judgment filings: "[the district court]" may not extend the time for taking any action under Rules 50(b) and ( c)(2), 52(b), 59(b), (d), and (*e*) and 60 (b), *except to the extent and under the conditions stated in them*." (emphasis added).

(Def. ATS Opp. at 2.) As Defendant ATS points out, Rule 59(e) does not contain any provision allowing extension of the ten-day deadline. *See* Fed. R. Civ. P. 6(b), and 59(e). Thus, this court is without authority to extend the ten-day deadline.[2] *See also T.G. Whedbee v. United States*, 21 F.3d 426 (4 th Cir. 1994) (unpublished) ("Because the ten day filing period [in Rule 59(e)] is a jurisdictional limitation, the district court did not have the authority to extend the time for the filing

---

[1] The 10-day time period excludes the Friday on which the court entered judgment (January 6, 2006) and the subsequent weekend (January 7-8, 2006). Thus, the clock starts on Monday, January 9, 2006. The period excludes the following weekend (January 14-15, 2006) and federal holiday (Monday, January 16, 2006). Accordingly, the 10-day period runs out on Monday, January 23, 2006.

[2] Plaintiffs' motion also asks the court to reconsider its Order filed February 11, 2005. Clearly, this motion is severely untimely, and the court is without jurisdiction to entertain it.

of the motion, nor did it have the authority to consider and grant a motion that was not timely filed."). Ultimately, because the filing period in Rule 59(e) is mandatory and jurisdictional, and because Plaintiffs' failed to file their motion within that time period, the court is without jurisdiction to entertain Plaintiffs' motion to reconsider. Accordingly, the court must dismiss Plaintiffs' motion.

It is therefore, **ORDERED** for the foregoing reasons that Plaintiffs' Rule 59(e) motion is dismissed.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**March 9, 2006**